Darren D. Chaker
1149 Wall Street
Post Office Box 77
La Jolla, CA 92038
206.333.6880 [Tel]
916.679.1062 [Fax]

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
MAY 17 2010
FILED
DOCKETED
DATE INITIAL

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

DARREN DAVID CHAKER,

Appellant,

vs.

ALAN CROGAN, SAN DIEGO COUNTY PROBATION DEPARTMENT,

Respondent.

Case No.: 03-56885

**MOTION TO SEAL RECORDS**

COMES NOW, DARREN DAVID CHAKER, Petitioner, and files this Motion to Seal Records.

## INTRODUCTION

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000), sets out the legal standard that this Court must apply when determining whether it is appropriate to order the sealing of documents. It states that before entering an order to seal, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.* The first *Ashcraft* consideration, *i.e.*, public notice of the motion to seal, is satisfied by docketing the motion "reasonably in advance of deciding the issue." *In re Knight Publ'g Co.*, 743 F.2d

231, 235 (4th Cir. 1984).

Here, there is little debate if the record before this court, described below, should be sealed. The subsequent to this Court's opinion in this case, Mr. Chaker filed a motion to be found factually innocent.[1] The Superior Court granted the motion and ordered both arrest records and court records sealed. The California Supreme Court decided to seal its records as well.[2] Mr. Chaker then requested similar relief from the District Court. The District Court embraced the Superior Court order and sealed the file in its entirety on March 8, 2010.[3] Mr. Chaker now requests the Court to embrace both federal law and the Superior Court's order and seal the entire file, <u>absent</u> the published opinion.

## POINTS AND AUTHORITIES

### I. APPELLANT HAS A CONSTITUTIONAL AND STATUTORIAL RIGHT TO PRIVACY

Privacy rights, along with trade secrets and other limited types of rights, have long been held to warrant sealing of records. *See, e.g., Nixon v. Warner Communications,Inc.*, 435 U.S. at 598; *Brown & Williamson Tobacco Corp. v. F.T.C.* (6th Cir. 1983) 710 F.2d 1165, 117 cert. denied, 465 U.S. 1100 (1984).

The United States Supreme Court has long recognized as an "uncontested" proposition that "the right to inspect and copy judicial records is not absolute" and that "every court has supervisory powers over its own records and files . . . . "*Nixon v. Warner Communications. Inc.* (1978) 435 U.S. 589, 598, 98 S.Ct. 1306: see, *Champion v. Superior Court* (1988) 201 Cal.App.3d 777, 247 Cal.Rptr. 624, 629, quoting in *Matter of Estate of Hearst* (1977) 67 Cal.App.3d 777, 783, 136 Cal.Rptr. 821, 824 ("Clearly a court has inherent power to control its own records to protect the rights of litigants before it . . ."). The Supreme Court has explained that denial of access to judicial records may be

---

[1] Exhibit 1.

[2] Exhibit 2, 3, & 4

[3] Exhibit 5

appropriate in a variety of situations, including for the protection of privacy interests. *Nixon v. Warner Communications*, 435 U.S. at 598.

Similarly, California law affords privacy rights in personal documents and information are entitled to constitutional protection in California. *City of Carmel-by-the-Sea v. Young* (1970) 2 Cal.3d 259, 268, 85 Cal.Rptr. 18; California Constitution, Article 1,§ 1; *Porten v. University of San Francisco (*1976) 64 Cal.App.3d 825, 829, 134 Cal.Rptr. 839, 841. When a constitutional right to privacy is implicated, the courts do not merely balance that right against the right of access to records. Rather, in such cases the judicial records are presumptively placed under seal. *See, Richards v.Superior Court* (1978) 86 Cal.App.3d 265, 150 Cal.Rptr.77.

No doubt when the Superior Court found Mr. Chaker did not commit a crime, and ordered any and all law enforcement and court records sealed, it conferred a privacy right to him. This Court should acknowledge that right to privacy by granting this motion.

## II. APPELLANT WAS FOUND FACTUALLY INNOCENT BY THE SUPERIOR COURT, WHO ORDERED POLICE AND ALL JUDICIAL RECORDS SEALED, SINCE THE CONVICTION WAS FOUND TO BE UNCONSTITUTIONAL, THUS THIS COURT SHOULD ORDER ALL RECORDS, EXCLUDING THE OPINION SEALED

### A. This Court Should Embrace The Superior Court's Order Sealing Records.

First, this court should acknowledge the existence of the Superior Court's order finding Mr. Chaker factually innocent of having committed the crime of filing a false complaint. Our system allows federal and state courts alike recognize judgments of other courts rendered with proper jurisdiction. See, e.g., U.S. Const. art. IV, § 1; 28 U.S.C. § 1738; *Del. River Port Auth. v. Fraternal Order of Police*, 290 F.3d 567, 572–73 (3d Cir. 2002).

A finding of factual innocence is based on the absence of probable cause.[4] The Superior Court made a factual determination probable cause for the arrest of Mr. Chaker was absent. Superior Court granted relief and ordered police and court records sealed.

[4] *See also, People v. Scott M., supra,*167 Cal.App.3d at p. 700, 213 Cal.Rptr. 456 "the state should never have subjected them [Defendant] to the compulsion of the criminal law", discussing

Even absent the Superior Court's order to seal records, this Court premised its opinion on the fact the statute at issue was unconstitutional. Therefore, any arrest or subjection to the judicial system based on an unlawful statute is contrary to law and dictates sealing. Court's take a dim view of allowing a former defendant to be burdened with a criminal file, especially when the alleged violation was unconstitutional. As here, "the expungement of local arrest records as an appropriate remedy in the wake of police action in violation of constitutional rights." *Sullivan v. Murphy*, 478 F.2d 938, 968 (D.C.Cir.), cert. denied, 414 U.S. 880, 94 S.Ct. 162, 38 L.Ed.2d 125 (1973); *Shipp v. Todd, 568 F.2d 133, 134 (9th Cir. 1978).*

Records of an unconstitutional arrest is a sufficient adverse consequence to warrant declaratory relief dictating destruction, or as here, the sealing of records. *Maurer v. Ind. and As Members of Los Angeles Cty.*, 691 F.2d 434 (9th Cir.1982). See, e.g., *United States v. Smith, 940 F.2d 395, 396 (9th Cir. 1991)* ("we have sanctioned the remedy of expunction of criminal records in civil rights cases involving unconstitutional state convictions"); *United States v. Sumner, 226 F.3d 1005, 1010 (9th Cir. 2000)*, citing *Smith*, ("criminal records 'involving unconstitutional state convictions' may be expunged in a civil rights action filed pursuant to 42 U.S.C. §§ 1983 and 1985"). See also 42 U.S.C. § 1983 (court can remedy a violation through either legal or equitable means). This power to compel expunction arises under federal law, and is not affected by state law. See, e.g., *Sullivan v. Murphy, 478 F.2d 938, 971-72 (D.C. Cir. 1973).*

The power to seal records may be invoked whenever an arrest or conviction violates a constitutional right. See, e.g., *United States v. Smith, 940 F.2d 395, 396 (9th Cir. 1991)* ("we have sanctioned the remedy of expunction of criminal records in civil rights cases involving unconstitutional state convictions"); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000), citing Smith, ("criminal records 'involving unconstitutional state convictions' may be expunged in a civil rights action filed pursuant

---

California Penal Code Section 851.8. As here, the state never should have enacted unconstitutional statute, which then lead to the arrest and conviction of Mr. Chaker.

to 42 U.S.C. §§ 1983 and 1985"). See also 42 U.S.C. § 1983 (court can remedy a violation through either legal or equitable means). Here that constitutional right violation was seen by this Court's opinion as well as the Superior Court order finding the absence of probable cause for the initial arrest.

**B. The Below Records Are Subject to a Sealing Order in The Superior Court, and This Court Should Honor That Order Due to Privacy Concerns.**

After the decision in *Chaker v. Crogan*[5], Petitioner filed, and was granted his motion to be found factually innocent pursuant to Penal Code section 851.8(c) by the Superior Court. The Superior Court granted the motion and ordered law enforcement to destroy its records[6], and went a step further to order the Clerk of the Superior Court to seal all records related to the underlying case. However, this Court currently has information open to public inspection which has been ordered sealed in the Superior Court[7] including, but not limited to:

1. Motion to Dismiss, P. 12 of 277
2. Supreme Court Habeas Corpus Petition[8]
3. Response to The Court's Order For Production of Documents, Lodged Exhibit, Petitioner for Writ of Habeas Corpus Case Number S100508

---

[5] *Chaker v. Crogan,* 428 F.3d 1215 C.A.9 (Cal.),2005, Cert. denied, 547 U.S. 1128, 126 S.Ct. 2023, invalidated a statute on First Amendment grounds and overruled the California Supreme Court's unanimous decision in *People v. Stanistreet,* 127 Cal.Rptr.2d 633.

[6] The Court in *Loder v. Municipal Court*, 17 Cal.3d 859, 553 P.2d 624 Cal. 1976, emphasized the significance of allowing all records to be sealed and destroyed:

> Arrest records and all other documents in the case may be sealed upon request whenever a person charged with any offense has been acquitted and it appears to the judge that he was "factually innocent"; and in that event, the court must inform the defendant that he may thereafter state that he was not arrested for such charge and that he was found innocent of such charge by the court. (Emphasis added)

[7] See, Exhibit 1, Page 3, Lines 4-8, which spells out the Superior Court sealed cases: Criminal Case Number C186979, Habeas Petition Cases EHC186, EHC217, EHC251, and EHC 301; Petition for Writ of Mandate Case Numbers EC17510 and EC17811.

[8] Although not covered by the Superior Court order, the California Supreme Court decided to seal the record upon Petitioner's request concerning California Supreme Court case numbers S093943, S093945, & S100508. See Exhibits 2-4.

4. Docket 18:

   A. Criminal Complaint, Superior Court, Case No. C186979, P. 27

   B. Engrossed Settlement Statement

   C. Signature Page, P. 47

   D. Criminal Complaint, P. 30 (appears twice)

   E. Declaration, P. 52

   F. Appellant's Opening Brief, P. 67-65

5. Docket 34, Minute Order, Superior Court, Case No. C186979

6. Docket 37:

   A. Criminal Complaint, Superior Court, Case No. C186979, P. 20 & 21

   B. Minute Order, Superior Court, Case No. C186979, P. 22-35

   C. Superior Court Appellate Division, Court, Case No. C186979, P. 40-54

7. Docket 86, Response/Reply to Motion, Criminal Complaint, P. 81-82

Here, every item has been ordered sealed by virtue of originating from a court file that has been ordered sealed or marked confidential by the California Supreme Court, sealed by the Superior Court, or sealed by the District Court. As such, Petitioner requests this court embrace the Superior Court's order and the above cited law by ordering the entire appellate file, excluding the opinion, sealed.

## CONCLUSION

It is for the above reasons this motion should be granted.

Dated this 13th day of May, 2010

Respectfully submitted,

Darren D. Chaker
Appellant

F I L E D
Clerk of the Superior Court
JAN 12 2007
By: K. FAHEY, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# COUNTY OF SAN DIEGO, EAST COUNTY DIVISION

PEOPLE OF THE STATE OF CALIFORNIA, PLAINTIFF,

v.

DARREN DAVID CHAKER, DEFENDANT.

C186979
(Related Case Numbers EHC 182, EHC 217, EHC 251, EHC 301, EC 17510, and EC 17811)

ORDER TO SEAL AND DESTROY RECORDS (PENAL CODE § 851.8)

On September 15, 2006, Defendant moved pursuant to Penal Code Section 851.8(c) for a factual finding of innocence and for an order to seal and destroy his arrest records and for all other relief to which he is thereby entitled pursuant to Penal Code Section 851.8(b) and related subdivisions of Penal Code Section 851.8.

On December 19, 2006, Defendant appeared before this Court representing himself In Propria Persona. Deputy District Attorney Julie Willis appeared for the prosecution for hearing on the motion.

GOOD CAUSE APPEARING THEREFORE,

The Court hereby grants Defendant's motion pursuant to Penal Code Section 851.8(b) and orders that Defendant receive all relief to which he is entitled pursuant to the provisions of Penal Code Section 851.8, including, but not limited to, the following:

EXHIBIT 1

Pursuant to subdivision (f) of Penal Code Section 851.8, this Court hereby declares that Defendant is factually innocent of the charge for which he was alleged to have committed on March 25, 1997, to wit, falsely alleging police misconduct in violation of Penal Code § 148.6(a)(1). Due to the holding by the United States Court of Appeals for the Ninth Circuit in the case of *Chaker v. Crogan* (2005) 428 F.3d 1215, in which it was held that Penal Code § 148.6(a)(1) was unconstitutional, Defendant is hereby exonerated of the charge, the arrest is deemed not to have occurred, and Defendant may answer accordingly any question related to its occurrence.

Pursuant to subdivision (b) of Penal Code Section 851.8, this Court hereby orders the San Diego County District Attorney's Office (having jurisdiction over the offense), the California Attorney General's Office, the Department of Justice, the El Cajon Police Department, and any other agency that participated in the arrest and prosecution of Defendant to seal their records of the arrest and this order for sealing and destruction for three (3) years after the date of arrest. Thereafter, said agencies shall destroy the records of the arrest and this or any other order regarding sealing and destruction of records.

Pursuant to subdivision (b) of Penal Code Section 851.8, this Court further orders that the San Diego County District Attorney's Office, the California Attorney General's Office, the Department of Justice, and the El Cajon Police Department, shall request the destruction of any records of the arrest which they have given to any local, state, or federal agency, person, or entity. Each state or local agency, person, or entity within the State of California receiving such a request shall destroy its records of the arrest and the request to destroy such records.

Pursuant to subdivision (h) of Penal Code Section 851.8, this Court hereby orders that documentation of arrest records destroyed pursuant to this order and the provisions of Penal Code Section 851.8 that are contained in investigative police reports shall bear the notation "'Exonerated'" wherever reference is made to the Defendant. It is further ordered that Defendant be notified in writing of the sealing and destruction of the arrest records by the law enforcement agency or agencies having jurisdiction over the matter. Notice of destruction should be sent to Mr. Darren Chaker at 311 N. Robertson Blvd., #123, Beverly Hills,

California, 90211.

As part of the finding of factual innocence, as set forth above, the Court hereby orders the clerk's office to seal the above-entitled case file and all records contained therein.

In addition, the Court orders the clerk's office to seal the following case files, which relate to the underlying proceedings in case number C186979: Petitions for Writs of Habeas Corpus case numbers EHC 186, EHC 217, EHC 251, and EHC 301, and Petitions for Writs of Mandate case numbers EC 17510 and EC 17811. The clerk's office is hereby directed to seal the above-mentioned case files and all the records contained therein.

The clerk's office is further directed to serve a copy of this order on (1) Mr. Darren Chaker; (2) San Diego County District Attorney's Office; (3) California Attorney General's Office; (4) the Department of Justice; and (5) the El Cajon Police Department.

**IT IS SO ORDERED.**

DATED: ____________

HERBERT J. EXARHOS
JUDGE OF THE SUPERIOR COURT

The foregoing instrument is a full, true and correct copy of the original on file in this office.

Attest: 1-16-07

Clerk of the Superior Court of the State of California, in and for the County of San Diego

By ____________, Deputy

# CALIFORNIA APPELLATE COURTS

Case Information

Supreme Court

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C

Home

## Supreme Court

Change court

Court data last updated: 05/11/2010 12:05 PM

Case Summary Docket Briefs
Disposition Parties and Attorneys

## Case Summary

<< search results

**Supreme Court Case:** **S100508**
**Court of Appeal Case(s):** no data found
**Case Caption:** CHAKER (DARREN D.) ON H.C.
**Case Category:** Confidential
**Start Date:** 09/10/2001
**Case Status:** case closed
**Issues:** none
**Disposition Date:** 02/27/2002
**Case Citation:** none

## Cross Referenced Cases

No Cross Referenced Cases Found

**Click here to request automatic e-mail notifications about this case.**

EXHIBIT
tabbies
2

# CALIFORNIA APPELLATE COURTS

Welcome
Search
E-mail
Calendar
Help
Opinions

## Supreme Court

Change court

Court data last updated: 05/11/2010 11:05 AM

Case Summary Docket Briefs
Disposition Parties and Attorneys

## Case Summary

<< search results

| | |
|---|---|
| **Supreme Court Case:** | **S093945** |
| **Court of Appeal Case(s):** | no data found |
| **Case Caption:** | CHAKER (DARREN D.) ON H.C. |
| **Case Category:** | Confidential |
| **Start Date:** | 12/26/2000 |
| **Case Status:** | case closed |
| **Issues:** | none |
| **Disposition Date:** | 03/28/2001 |
| **Case Citation:** | none |

## Cross Referenced Cases

No Cross Referenced Cases Found

**Click here to request automatic e-mail notifications about this case.**

EXHIBIT
3

# CALIFORNIA APPELLATE COURTS

Supreme Court
Welcome
Search
E-mail
Calendar
Help
Opinions

CC home

## Supreme Court

Change court

Court data last updated: 05/11/2010 11:05 AM

Case Summary Docket Briefs
Disposition Parties and Attorneys

## Case Summary

<< search results

| | |
|---|---|
| **Supreme Court Case:** | **S093943** |
| **Court of Appeal Case(s):** | no data found |
| **Case Caption:** | CHAKER (DARREN D.) ON H.C. |
| **Case Category:** | Confidential |
| **Start Date:** | 12/26/2000 |
| **Case Status:** | case closed |
| **Issues:** | none |
| **Disposition Date:** | 03/28/2001 |
| **Case Citation:** | none |

## Cross Referenced Cases

No Cross Referenced Cases Found

**Click here to request automatic e-mail notifications about this case.**

EXHIBIT
tabbles
4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

DARREN DAVID CHAKER,

Petitioner,

v.

ALAN CROGAN, et al.,

Respondents.

CASE NO. 00cv2137 BTM

**ORDER GRANTING MOTION FOR RECONSIDERATION AND SEALING RECORD**

Petitioner has filed a motion for reconsideration of the Court's previous order sealing only certain documents in this case. Petitioner clarifies that he wishes to have the entire record placed under seal. Respondent Alan Crogan takes no position on Petitioner's request. The Court **GRANTS** Petitioner's request and **ORDERS** that the entire file for this case be **SEALED**. Petitioner also requests that the Court order anyone who has obtained copies of any records in this case to destroy the records and send confirmation to Petitioner that the records have been destroyed, transferred elsewhere, or are no longer in existence. The Court lacks jurisdiction to order individuals or entities not before the Court to do anything. Therefore, the Court denies this request.

**IT IS SO ORDERED.**

DATED: March 8, 2010

Honorable Barry Ted Moskowitz
United States District Judge

Send copy to:

Darren David Chaker
311 N. Robertson Blvd. #123
Beverly Hills, CA 90211

Current Weather: 62°F, 67% humidity, Few Clouds

SUBSCRIBE TODAY! | Weather | Traffic | Surf | Webcam |

SignOnSanDiego.com BY THE UNION-TRIBUNE

News/Sports Entertainment Web

Search..

UC San Diego Medical Center ucsdmedicalcenterjobs.com

discover the POWER of academic m

Home | News | Today's Paper | Business | Sports | Entertainment | Multimedia | Forums | Smart Living | Jobs | Autos | Homes | Classifieds

| Email Print Save Popular

RELATED TERMS: LA JOLLA, UNIVERSITY CITY

# Man, 24, held in bludgeoning death of father

Digg submit

By Debbi Baker
UNION-TRIBUNE STAFF WRITER
8:53 a.m. October 7, 2009

UNIVERSITY CITY — A 24-year-old man accused of bludgeoning his father to death was arrested early Wednesday morning in an apartment complex in University City.

Police were called to the La Jolla Crossroads complex on Judicial Drive at Golden Haven Drive about 1:15 a.m. after receiving a frantic 911 call from a woman, homicide Lt. Ernie Herbert said.

"She said her son had killed her husband," Herbert said.

Officers arrived about six minutes later and found the son in the hallway and the 64-year-old father dead inside the second-story apartment, Herbert said.

Darren Chaker, 37, was visiting his girlfriend at the multi-unit apartment complex when he heard screaming for help and called authorities.

He flagged down an officer outside and they both went to the building, where they found the woman standing in the hallway wearing a white nightgown covered in blood. Her son was standing behind her, Chaker said.

The officer asked, "Who did this?" The woman pointed at her son and the officer handcuffed him, Chaker said.

The man said, "Yeah, I did it," Chaker said. The mother was crying and asking, "Why? Why did you do this?" and the son answered, "Because he's an (expletive)," Chaker said.

An unidentified woman is interviewed by San Diego Police officers in a University City condo complex early Wednesday morning after she said her son killed her husband. (Photo courtesy of Darren Chaker) -

"He seemed very proud," Chaker said.

The man was wearing only blue boxer shorts and appeared enraged but not under the influence of anything, Chaker said. Chaker said the woman's screams were echoing through the hallway, but no one came out or opened a door.

Chaker said he held the woman's hand and told her he was sorry about what happened. She thanked him for helping and for coming to her aid, he said.

Police have not released the name of the man who was arrested, nor would they discuss a possible motive for the crime or what was used as a weapon. Herbert said the case is still in the early stages of investigation.

The identity of the dead man is being withheld until family members can be notified. The woman was not injured, police said.

Union-Tribune

Debbi Baker: (619) 293-1710;

RELATED TERMS: LA JOLLA, UNIVERSITY CITY

Click here to hide comments

Commenting Terms of Use

## Add New Comment

DISQUS COMMENTS

D Profile  f Connect  Twitter

Advertisement - Your A

Sometimes you need advice We offer a 24- NurseHelp L

blue of californi

Text "UTdeals"

SignOnSanDiego

Southern California Faces & Places Photos Con

Acai Berry EXPOSED (News 4 Reports)
We Investigate Acai Berry. Is Acai a Miracle.

Mom Makes $77/Hr (Online)
Mom makes $8,673+ a month! Read this special report to see..

Do NOT Pay For White Teeth
Mom's Whitening Method Exposed. The Results WILL Shock You.

Buy a link here

mienlace.com

sdmarketplace.com

Weblogs

News
• Breaking News

EXHIBIT
6

• SportsBlog

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAY 17 2010

FILED ______ ______
DOCKETED ______ DATE ______ INITIAL

**Case No.: 03-56885**

**PROOF OF SERVICE BY MAIL - CCP § 1013a (3)**

I the undersigned declares as follows: I am employed in the County of LOS ANGELES, State of CALIFORNIA where this mailing will occur; I am over the age of eighteen (18) years and not a party to the cause; my business address is 311 N. Robertson Blvd. Beverly Hills, CA 90211.

I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and the fact that the correspondence will be deposited with the United States Postal Service that same day in the ordinary course of business.

On February 5, 2010, I served the foregoing **MOTION TO SEAL RECORDS** on the interested parties in this action by placing the correspondence in a sealed envelope on this date in the City of San Diego, State of California, and placing it for deposit with the United States Postal Service. This sealed envelope with postage fully prepaid was then placed for collection and mailing on this date following ordinary business practices addressed as follows:

**Clerk of the Court of Appeals**
**95 7TH STREET,**
**SAN FRANCISCO, CA 94103**

**Gary Schons, Asst. Atty. Gen.**
**Attorney General**
**110 West A St. #1100**
**San Diego, CA 92101**

I am aware that service made pursuant to Code of Civil Procedure § 1013a(3) upon motion of a party served shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

I certify and declare under penalty of perjury under the laws of the State of CALIFORNIA that the foregoing is true and correct.

Executed May 13, 2010, at Phoenix, Arizona.

______________________

